UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                         No. 25-CR-8

LI XING, a.k.a. "MR. LI,"

        Defendants.

---

## MOTION FOR PROTECTIVE ORDER REGULATING
## THE DISSEMINATION OF DISCOVERY MATERIALS

---

The United States of America, by and through its attorneys, Richard G. Frohling, Acting United States Attorney, and Katherine M. Halopka-Ivery, Assistant United States Attorney for said district, hereby moves this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order regulating the dissemination of discovery materials in the above-captioned case. The United States requests that this Court order the following protections regarding the dissemination of discovery material:

(1) The discovery materials including investigative reports, witness interviews, audio recordings, etc., will be made available to the defense attorney. The defense attorney will be provided with a single copy of the materials. Said materials may mask the identification of cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information relative to those persons. As additional materials become available, and/or it becomes appropriate for the identity of certain persons to be disclosed, the attorney will be notified by the United States Attorney's Office, and one copy of the additional materials will be made available to the defense attorney.

(2) Defendants and counsel of record for the defendants ("defense attorneys") shall only

use the subject discovery materials to prepare a defense in this case, including investigation, trial preparation, trial, and appeal. The subject discovery materials shall not be used or distributed for any other purpose, or in connection with any other proceeding, without further order of this Court.

(3) The defense attorney may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of the defense attorney. Discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Copies of a statement or statements of a particular witness produced in discovery may be relinquished to licensed investigators employed by the defense attorney for limited periods of time as necessary to facilitate an investigation interview with that witness. Unless otherwise ordered above, the discovery materials shall not be physically relinquished to any third party, including clients, investigators, or any other individual.

(4) The government will make all reasonable arrangements with the institution where the defendant is held in state or federal custody so that a set of discovery materials can be maintained at the institution for inspection by the defendant; however, this will not include discovery designated as "SENSITIVE." The defendant shall be prohibited from copying the materials or otherwise obtaining or maintaining copies of any such materials and shall be prohibited from transporting any of these materials to their cellblock.

(5) The government may designate certain records containing evidence that depicts confidential sources, cooperating witnesses, contain the personal identifying information of witnesses and defendants, or other sensitive or private information of witnesses and defendants (including reports, documents, phone data, recordings, and photographs) and all copies or reproductions of the same as "SENSITIVE." "SENSITIVE" discovery materials will be made

available to the defense attorneys. The defense attorneys will be provided with one copy of the subject discovery materials.

(6) All "SENSITIVE" discovery materials, include all copies or reproductions of the same, shall remain under the control of the defense attorneys. "SENSITIVE" discovery materials, while in the control of the defense attorneys, may be reviewed only by the defendants, licensed investigators employed by the defense attorneys, and other professionals affiliated with the defense attorneys.

(7) Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government. Upon (i) conclusion of all stages of this case and (ii) the termination of the defense attorneys' ethical obligations vis-à-vis file retention, the discovery materials shall be disposed of in one of two ways, unless otherwise ordered by the Court. All discovery materials may be (i) destroyed, in which case the respective defense attorney shall notify the government's counsel that the subject discovery materials have been destroyed; or (ii) returned to the United States.

The basis for the motion is more fully described in the attached ex parte statement of the undersigned. It is hereby requested pursuant to Rule 16(d)(1) that such statement be sealed.

For these reasons and those stated in the accompanying ex parte statement, the United States respectfully requests that this Court enter the Protective Order regulating the defendants' use, dissemination, and disposition of the subject discovery materials.

Dated at Milwaukee, Wisconsin, this 4th day of March 2025.

By: */s/ Katherine M. Halopka-Ivery*
KATHERINE M. HALOPKA-IVERY
Assistant United States Attorney
United States Attorney's Office
Eastern District of Wisconsin

517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202